**BURNET REALTY, INC., Appellant,**

v.

**George R. MONSON, Respondent.**

**No. C7–91–1450.**

Court of Appeals of Minnesota.

Jan. 14, 1992.

Michael Allen Ponto, Minneapolis, for appellant.

Dennis B. Johnson, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and NORTON and AMUNDSON, JJ.

### OPINION

NORTON, Judge.

Appellant challenges the trial court's ruling that a real estate "protective list" is fatally defective if it lacks names of persons to whom it is applicable.

## FACTS

Appellant Burnet Realty, Inc. and respondent George R. Monson entered into a listing contract for a parcel of respondent's land.[1] The contract included an "override agreement" entitling appellant to a commission on any sale of respondent's property within 120 days of the listing contract's expiration if the sale was to a person who

> [d]uring [the] contract [period] made an affirmative showing of interest in the property or was physically shown the property by [appellant] and whose name is on a written list [appellant] give[s] [respondent] within 72 hours after the end of this contract.

Before the expiration of the listing contract appellant's agent Bill Stafford showed the property to Nicholas and Pauline Brasille who made a written offer on the property. Respondent would not let the offer be delivered to him because it was not for full price. He did however allow it to be read to him over the phone before he rejected it. The day after expiration of the listing contract, appellant's agent Beth Burns put a "protective list" on respondent's doorstep. Respondent alleges he never got the list. Appellant disagrees. It is undisputed however that while the list did not contain the names of the Brasilles, it did contain Stafford's name.

The property was subsequently sold to the Brasilles within 120 days of the contract's expiration for a price between the original offer and full price. Before entering the agreement, the Brasilles told respondent that Stafford had previously shown them the property. Upon being told the Brasilles had previously viewed the property, respondent contacted counsel about the commission. Counsel told respondent that he would not have to pay a commission if he never received the "protective list."

Appellant demanded a commission. When respondent refused, appellant sued alleging substantial compliance with the rules governing "override agreements" and

"protective lists." Upon stipulated facts the trial court found the list's lack of the Brasilles' names fatal to appellant's claim for a commission. The trial court also explicitly rejected appellant's unjust enrichment argument. That ruling is not challenged on appeal.

## ISSUES

Did the trial court err in requiring a "protective list" to include the names of prospective purchasers?

## ANALYSIS

### I.

The parties agree that because this case involves application of the real estate rules to undisputed facts, it involves a question of law reviewed de novo. The parties disagree, however, regarding whether a "protective list" must contain the names of the potential purchasers to allow enforcement of the "override agreement."

This court has stated:

> The override agreement is regulated by Minnesota Rules Relating to Real Estate:
>
> [Realty sales people] shall not seek to enforce an override clause unless a protective list has been furnished to the seller within 72 hours after the expiration of the listing agreement.

*Realty House, Inc. v. Grimm*, 460 N.W.2d 917, 919 (Minn.App.1990) (quoting Minn.R. 2805.1200, subp. 4 (1989)). Under the rules, a "protective list" is defined as:

> [a] written list of *names and addresses of prospective purchasers* with whom a [real estate sales person] has negotiated the sale or rental of the property or to whom a [real estate sales person] has exhibited the property prior to the expiration of the listing agreement.

Minn.R. 2805.0100, subp. 10 (1989) (emphasis added); *see also Lynn Beechler Realty Co. v. Warnygora*, 396 N.W.2d 717, 719–20 (Minn.App.1986) ("A protective list must

---

1. The contract was actually entered by Merrill Lynch Realty Operating Partnership, L.P. and respondent. Because appellant Burnet Realty, Inc. is the successor to Merrill Lynch claims, the two companies were treated as the same entity for purposes of this suit.

contain the names of persons who, during the period of the listing agreement, made an affirmative showing of interest in the property." (citing the predecessor to the "override agreement" rule)).

By statute:

> The provisions of chapter 645 [regarding statutory interpretation], unless specifically provided to the contrary by law or rule, govern all rules becoming effective after June 30, 1981.

Minn.Stat. § 645.001 (1990). Generally,

> [w]hen the words of a [rule] in their application to an existing situation are clear and free from all ambiguity, the letter of the [rule] shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1990). Thus, as the definition of "protective list" does not mention substituting the names of the realty sales people for the names and addresses of prospective purchasers, the trial court did not err in finding the "protective list" fatally deficient.

Appellant argues that because it need only substantially comply with the rules to invoke the rule's protection, the court must conduct a case by case analysis to determine whether the tendered list served the purpose of the rules. This argument assumes that substantial compliance with the protective list rule may allow a recovery and that this case involved substantial compliance. Because we conclude that there was no substantial compliance with the "protective list" rule in this case, we need not address appellant's implicit assumption that substantial compliance is sufficient to entitle appellant to a recovery.

Specifically, a list containing only the name of a realtor, which may not provide a vendor with any information he or she did not already have regarding the realtor's attempts to sell the property, cannot substantially comply with the definition of a "protective list." To conclude otherwise makes a nullity the rule's provisions stating that the "protective list" is to include the "names and addresses" of the prospective purchasers. Such a reading of the rule is statutorily forbidden. *See* Minn.Stat.

§ 645.16 ("Every [rule] shall be construed, if possible to give effect to *all its provisions*." (emphasis added)). Further, to the extent respondent, before entering the purchase agreement, was aware that the Brasilles had previously been shown the property by Stafford, that knowledge came from statements by the Brasilles and possibly the Brasilles' prior offer which respondent rejected after it was read to him. Because this record is void of evidence suggesting that the list itself provided this information we cannot say that it fulfilled its purpose. Therefore, even under a substantial compliance standard, we cannot reverse the trial court.

## DECISION

Because a protective list providing only the name(s) of the realtor(s) who showed the property is fatally defective under Minn.R. 2805.1200, subp. 4 and Minn.R. 2805.0100, subp. 10, the trial court is affirmed.

Affirmed.